NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0081n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 23, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| STEVEN A. SLASINSKI, and KAREN L. SLASINSKI, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CONFIRMA, INC., | ) ) | OPINION |
| Defendant-Appellee, | ) ) | |
| and | ) ) | |
| DAN BICKFORD; WARD SPARACIO; DAVE WOLFE, | ) ) ) | |
| Defendants. | ) | |

Before: COOK, WHITE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge**.

Plaintiffs Steven A. Slasinski and Karen L. Slasinski filed a five-count complaint in federal court against Defendant Confirma, Inc. ("Confirma"), and several of Confirma's officers. Among other claims, Mr. Slasinski alleged damages arising from false imprisonment, and Mrs. Slasinski alleged loss of consortium as a consequence of her husband's injury. These two claims proceeded to trial in January 2009, and after four days of testimony, a jury returned a verdict in favor of

Confirma. Thereafter, the Slasinskis filed a motion for a new trial, or alternatively, for judgment notwithstanding the verdict, both of which the district court denied.

On appeal, the Slasinskis argue that the district court erred in denying their motion because the jury verdict was against the great weight of the evidence presented at trial. For the reasons set forth below, we **AFFIRM** the district court's denial of the motion.

## I. BACKGROUND

Mr. Slasinski is 42 years old, married, and the father of three children. Confirma, a manufacturer of medical imaging devices, hired Mr. Slasinski in 2006 as a Regional Sales Manager for Michigan, Ohio, Indiana, and Kentucky. In July 2007, members of Confirma's sales team, including Mr. Slasinski, attended a week-long seminar in Bellevue, Washington. On the evening of July 25, 2007, Mr. Slasinski and others, including Confirma's Chief Executive Officer Wayne Wager and Executive Vice President of Sales and Marketing Dan Bickford, attended a dinner cruise on Lake Washington aboard "The Champagne Lady." The events that transpired that evening, which are largely undisputed, form the basis of Mr. Slasinski's claims.

Near the end of the cruise, but before the boat docked, Mr. Slasinski proceeded toward the ship's lavatory on the aft end of the boat. Before he reached his destination, Mr. Slasinski observed a colleague named Kris Daw enter the lavatory. Several other Confirma employees were standing nearby, and Mr. Slasinski observed Bickford engage an external lock on the lavatory door, thereby locking Daw inside. A few moments later, Bickford unlocked the door and released Daw to the laughter of those standing nearby.

Mr. Slasinski then entered the lavatory and shortly thereafter discovered that he also had been locked inside. The parties dispute the precise amount of time that Mr. Slasinski was locked in the lavatory, but by either party's account it was approximately twenty to twenty-five minutes. During that time, the boat docked and the other Confirma employees disembarked. After some time had passed, Mr. Slasinski began making phone calls to colleagues on his cell phone to request assistance. Although he reached a colleague named Andrew Curran, Curran was unable to return to the boat because the security gate at the pier had been locked. Mr. Slasinski then resorted to kicking the door in an attempt to free himself, at which point the boat's crew discovered and released him.

The Slasinskis filed their Complaint against Confirma and Dan Bickford, Ward Sparacio, and David Wolfe,[1] Confirma employees, on November 13, 2007. Mr. Slasinski alleged damages arising from false imprisonment, intentional infliction of emotional distress, and breach of implied contract, while Mrs. Slasinski alleged damages arising from loss of consortium. On July 17, 2008, the district court dismissed the individual defendants and granted summary judgment in favor of Confirma on all claims except those for false imprisonment and loss of consortium. The remaining claims were tried before a jury beginning January 8, 2009. On Mr. Slasinski's false imprisonment claim, the jury was charged as follows:

> Plaintiff seeks to recover damages based upon a claim of false imprisonment. Plaintiff has the burden of proof on each of the following: One, that Defendant committed an act with the intention of confining Plaintiff; Two, that Defendant's act resulted directly, or indirectly, in Plaintiff's confinement; Three, that Defendant did not have the legal authority to confine Plaintiff; Four, that Plaintiff was conscious

---

[1] Mr. Sparacio is Confirma's Vice President of Sales, and Mr. Wolfe is the Director of Customer Advocacy.

> of the confinement; Five, that the confinement was against Plaintiff's will. A person is not "imprisoned" if he is only briefly locked in an enclosure, or if the act of confinement is only momentary or fleeting. It is not necessary for the detention or confinement to be in a jail or prison.

(*See* R. 73, Order Denying Pl.'s Mot. For New Trial at 5 n.1.) The Slasinskis did not object to the jury instructions. After deliberating for several hours, the jury returned a verdict in favor of Confirma on both claims.

On January 23, 2009, the Slasinskis filed a motion for a new trial, or alternatively, for judgment notwithstanding the verdict, arguing that the jury rendered an erroneous verdict that was against the great weight of the evidence with respect to the false imprisonment claim. On August 21, 2009, the district court denied the motion, ruling that sufficient evidence was adduced at trial to allow reasonable jurors to find that the Slasinskis had not established each element of false imprisonment by a preponderance of the evidence. On September 16, 2009, the Slasinskis appealed this denial.

## II. ANALYSIS

### A. Standards of Review

#### 1. Motion for New Trial

This court reviews a district court's denial of a motion for new trial for an abuse of discretion. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (internal citations omitted). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Id.* We may reverse such a decision only if we have "a definite and firm conviction that the trial court committed a clear error of judgment." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir.

2000) (internal quotation marks and citations omitted). In considering a motion for a new trial, district courts "are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Id.* at 821. Rather, a new trial should be granted only if, in light of the evidence, no reasonable juror could reach the challenged verdict. *Id*. at 820-21.

### 2. *Motion for Judgment Notwithstanding the Verdict*

We review *de novo* a district court's denial of judgment notwithstanding the verdict. *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078 (6th Cir. 1999). When the trial court's jurisdiction is based upon diversity of the parties, "this circuit adheres to the minority rule that state law governs the standard for granting motions for directed verdicts and judgments notwithstanding the verdict." *Mannix v. Cnty. of Monroe*, 348 F.3d 526, 531 (6th Cir. 2003) (internal quotation marks and citations omitted). In Michigan courts, "the standard of review for judgments notwithstanding the verdict requires review of the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Id.* at 532. If after such review, the evidence could reasonably be said to support more than one conclusion, the jury verdict must stand. *Zantel Mtkg. Agency v. Whitesell Corp.*, 696 N.W.2d 735, 740 (Mich. Ct. App. 2005).

## B. The Jury's Verdict

In their motion for a new trial, the Slasinskis assert that they conclusively established by undisputed evidence every necessary element of a false imprisonment claim. Thus, according to the Slasinskis, "no reasonable jury could conclude that Plaintiff was not falsely imprisoned by

No. 09-2199
*Slasinski, et al. v. Confirma, Inc., et al.*

Defendant." The district court disagreed that the jury's verdict was unreasonable, and laid out the

evidence supporting the verdict as follows:

> In support of its theory of the case, Defendant submitted that Mr. Slaskinski consented to being locked in the bathroom as part of the on-going "prank." Sufficient testimony exists which would allow a reasonable jury to draw the conclusion that Mr. Slasinski willingly entered the bathroom despite knowing that he would be locked in by his colleagues. First, the stipulated facts demonstrate that "Mr. Slasinski saw Dan Bickford lock Confirma employee Kris Daw in the bathroom." [Stipulated Facts, Final Joint Pretrial Order, ¶ 7]. Second, expert witness Dr. Steven R. Miller testified that, in his opinion as a psychologist, it was possible that Mr. Slasinski knew he would be locked in the bathroom when he entered it. Third, Wayne Wagner testified that he was approximately two feet away from the bathroom after the boat docked and did not hear any sounds coming from the bathroom.
>
> The verdict could just have easily rested upon the determination that Mr. Slasinski was not confined. The jury instructions specifically provided that "[a] person is not 'imprisoned' if he is only briefly locked in an enclosure, or if the act of confinement is only momentary or fleeting." The record demonstrates that Mr. Slasinski did not make any noise indicating that he wanted to be let out at any time before the boat docked. From this testimony, the jury could have reasonably concluded that Mr. Slasinski was only confined—if at all—from the time the last passenger left the boat until the crew ultimately unlocked the door. As such, the jury could have found that the subject confinement was of a "momentary or fleeting" nature, and therefore insufficient to state a claim of false imprisonment.

(R. 73 at 6-7) (some internal citations omitted). While the district judge acknowledged that "the jury

could just as easily have reached the opposite conclusion," she went on to say that it is "not the

province of this tribunal to reverse a verdict that rests upon sufficient evidence." (*Id.* at 7.) Based

upon this evidence, the district judge denied the Slasinskis' request for a new trial or judgment

notwithstanding the verdict.

On appeal, Mr. Slasinski argues that his numerous attempts to free himself conclusively

establish that Confirma's employees confined him against his will. Specifically, he points to his

attempts to "open the door by turning the knob and pushing on the door" and his "call[s] for outside help [] using his cell phone," as well as his efforts to "break down the steel door when his attempts to phone for help were unsuccessful." Mr. Slasinski also argues fervently that his confinement was neither momentary nor fleeting. In support, he offers his testimony that he entered the lavatory just before the ship docked, the captain's log, which shows the Champagne Lady docking at approximately 9:00 p.m., and the ship's Damage Report, which indicates that the crew discovered Mr. Slasinski in the lavatory at approximately 9:25 p.m.

Certainly, this evidence could support a finding that Mr. Slasinski was confined against his will and/or that his confinement was not momentary or fleeting. That does not necessarily mean, however, that conclusions to the contrary are unreasonable. If the jury accepted Confirma's version of the facts, and drew all inferences in Confirma's favor, it could easily have found that Mr. Slasinski entered the lavatory knowing he would be locked inside as part of the prank, and thus initially consented to the confinement. Moreover, for at least part of the duration of his confinement, Mr. Slasinski did not knock, call out to, or otherwise beseech any of the Confirma employees standing nearby to release him. A reasonable jury could conclude, therefore, that any confinement Mr. Slasinski experienced began with his consent, and only after the passage of time became against his will. A jury could further conclude, based on the evidence, that the period of unconsented-to confinement was of such brief duration as to be only momentary or fleeting. We do not suggest that this is the correct interpretation of the evidence, but merely that it is a reasonable one.

No. 09-2199
*Slasinski, et al. v. Confirma, Inc., et al.*

In light of the applicable standards of review, we are unable to find that the district judge abused her discretion in denying the Slasinskis' motion. While the parties largely agreed on the underlying facts, each side presented evidence and legal argument to the jury regarding the various inferences to be drawn from those facts. The jury rendered a verdict in favor of Confirma, and sufficient evidence exists in support of that verdict such that it is not unreasonable. Therefore, the district judge properly denied the Slasinskis' motion for a new trial.

Likewise, the district judge properly denied the request for judgment notwithstanding the verdict. When all of the evidence and the reasonable inferences to be drawn therefrom are viewed in a light most favorable to Confirma, reasonable jurors could find that Mr. Slasinski did not carry his burden with respect to all the elements of his claim.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.